UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN TILLMAN STEVENSON,

    Petitioner,

v().    Case No. 8: 04-cv-2020-T-17MSS

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.

_____/

## O R D E R

This cause is before the Court on Petitioner John Tillman Stevenson's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

### Background

On June 6, 1995, Stevenson was charged with two counts of engaging a child in sexual activity (counts one and two), one count of sexual battery (count three), and one count of possession of a firearm by a convicted felon (count four) in case no. 95-2771A1XX.

On March 13, 1997, Stevenson litigated a motion to suppress evidence, gaining suppression of certain items. His motion was denied with respect to firearms found in his 1971 Dodge van.

On October 9, 1997, Stevenson gained dismissal of count one based on the expiration of the statute of limitations. On December 30, 1997, his dismissal motion with regard to ground two was denied. At a hearing held May 1, 1998, Stevenson's motion seeking severance of counts two and three was denied. At that hearing, the state trial court

allowed the State to present similar fact evidence surrounding the 1989-1990 incident.

On June 2, 1998, Stevenson proceeded to jury trial on a second amended information charging these offenses. As to the remaining count of engaging a child in sexual activity, he was found guilty as charged. As to the sexual battery count, he was found guilty of the lesser offense of battery. Stevenson was adjudicated guilty in accordance with the verdicts and sentenced to 30 years prison for engaging a child in sexual activity.

Stevenson appealed the state judgment, raising the following issues:

1. Admission of the 1989-1990 incident was highly prejudicial propensity evidence, not harmless error.

2. The state trial court erred when it did not sever count two, sexual battery on a minor, and count three, sexual battery.

3. The trial court abused its discretion when it enhanced Stevenson's sentence from seven-nine years to thirty years based on the court finding extraordinary circumstances and a scheme or plan.

4. Counsel for John Stevenson failed to provide appropriate representation during the sentencing phase of his trial.

(Resp. Ex. 02)

On July 14, 2000, the state district court of appeal per curiam affirmed in case no. 2D98-3719. Stevenson v. State, 768 So. 2d 1082 (Fla. 2d DCA 2000)[table]. The mandate issued September 19, 2000. Stevenson filed a motion to recall the mandate for purposes of rehearing, which was denied October 26, 2000.

Stevenson filed a pro se state petition for writ of habeas corpus on February 20,

2001, alleging his appellate counsel rendered ineffective assistance. Following submission of a directed response by the state, the petition was denied without elaboration on November 9, 2001, in case no. 2D01-650. Stevenson v. State, 810 So. 2d 947 (Fla. 2d DCA 2001)[table]. Rehearing was denied on January 18, 2002.

Stevenson filed a pro se motion for postconviction relief dated March 6, 2002, under Florida Rule of Criminal Procedure 3.850. (Resp. Ex. 015  V 1 R 138-158). Stevenson raised seventeen grounds for relief:

I. Alleged failure of the trial court to give written reasons for departure sentence.

II. Alleged ineffective assistance of counsel for not objecting to the state trial judge's not giving written reasons for departure sentence.

III. Alleged ineffective assistance of counsel for not filing a timely 3.800(b) motion.

IV. Alleged ineffective assistance of counsel for not calling a psychiatrist to rebut State's psychiatrist.

V. Alleged ineffective assistance of counsel for not eliciting testimony the victim was a "rock cocaine user."

VI. Alleged ineffective assistance of counsel for not eliciting testimony that victim was not isolated.

VII. Alleged failure of the trial court to give written reasons for departure sentence.

VIII. Trial judge was allegedly vindictive when he sentenced Stevenson because he took his case to trial instead of pleading.

IX. Defendant was allegedly denied his constitutional right to cross-examine state witnesses at sentencing.

X. The pre-sentence investigation was allegedly prejudicial because the state judge

previously ruled that all of Stevenson's previous convictions were illegal because Stevenson was not represented by counsel.

XI. The scoresheet was allegedly incorrect because the state trial judge did not sign it.

XII. Victim's statement allegedly should not have been allowed because it was not sworn to under oath.

XIII. Stevenson was allegedly subjected to double jeopardy because Judge Oliver Green previously dismissed counts one and two, and Stevenson was subsequently tried and convicted of count two.

XIV. Introduction of videotape was allegedly improper.

XV. Kathy Guenthy [sic] was allegedly not qualified to render an opinion regarding DNA evidence.

XVI. Counts two and three allegedly should have been severed.

XVII. The state trial judge admitted recordings of private phone calls that were recorded without a warrant.

By order rendered May 24, 2002, the state trial court summarily denied grounds IX, XII, XVII because they were not cognizable in a postconviction motion. The state trial court also summarily denied grounds XIV, XV, and XVI because these which could not be raised in a postconviction motion. The remaining grounds were addressed and denied with the exception of grounds IV, VIII, and XI, to which the state was ordered to respond and show cause why Stephenson was not entitled to relief on his claims.  (Resp. Ex. 015, V 1 R 159-169)

Stevenson filed a pro se supplement to his rule 3.850 motion dated June 3, 2002.

(Resp. Ex. 015, V 2 R 170-180) On June 28, 2002, the state filed a response pursuant to the order to show cause.  (Resp. Ex. 015, V 2 R 181-199) By order rendered August 2, 2002, the state trial court determined that an evidentiary hearing was required on ground IV. The state trial court adopted the state's response to ground VIII, and also found that ground VIII was facially insufficient and conclusively refuted by the record.  The state trial court summarily denied ground VIII. The state trial court found that, as to ground XI, the sentencing court did not rely upon the scoresheet because it was incorrect and the upward departure rendered the scoresheet irrelevant. With regard to Stevenson's supplemental claims, the court, finding Stevenson failed to show good cause or state any reason why the additional claims were not presented in the original motion, denied the claims as successive. (Resp. Ex. 015, V 2 R 200-222)

On December 6, 2002, the state trial court held an evidentiary hearing on ground IV By order rendered February 11, 2001, the state trial court  denied the rule 3.850 motion and Stevenson's amended rule 3.850 motion. (Resp. Ex. 015, V 2 R 307-311) Rehearing was denied. (Resp. Ex. 015, V Add R 334)

Stephenson appealed the final denial. Following briefing, on March 24, 2004, the state district court of appeal per curiam affirmed the denial of relief in case no. 2D03-1588. Stevenson v. State, 875 So.2d 621 (Fla. 2d DCA 2004)[table]. Rehearing was denied on May 12, 2004. The mandate issued June 2, 2004. Stevenson improperly sought Florida Supreme Court review of the silent affirmance. On July 26, 2004, the Supreme Court dismissed the petition in case no. SC04-1210. Stevenson v. State, 880 So.2d 1212 (Fla. 2004)[table].

Stevenson timely filed the present federal petition for writ of habeas corpus.

Standard of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a facially valid claim in alleging ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland's two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Discussion

Ground One

Stevenson raises a claim of double jeopardy. In his supporting facts, he asserts that Judge [Oliver] Green, then state circuit judge, dismissed counts one and two of his

charging document and 3 months later, count two was reinstated and he was found guilty of count two. On that basis, Stephenson concludes he was tried twice for the same crime.

The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall ... be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. It is objectively reasonable to conclude that Stevenson's trial on count two did not violate the Double Jeopardy Clause.

The state record reveals that prior to trial, Stevenson, through his trial counsel filed a motion to dismiss counts one and two, which charged him with engaging in sexual activity of a child on various state law grounds. (Resp. Ex. 01, V 2 R 261-262) On August 19, 1997, Stevenson filed a memorandum arguing count one should be dismissed under the state's statute of limitation. (Resp. Exh. 01, V 2 R 263-311) Therein, he abandoned his argument under the statute of limitations with regard to count two [and count three]. He maintained, however, that counts one and two should be dismissed on the state law basis that the statute under which he had been charged had been repealed. On October 6, 1997, the state trial court initially granted the motion to dismiss. (Resp. Ex. 01, V 2 R 312-313) As to count two, the state trial court granted the motion on the basis that the statute under which Stevenson had been charged had been repealed. Id. The State filed a timely motion for rehearing of the dismissal order (Resp. Ex. 01, V 2 R 314), and at a hearing held October 9, 1997, the State argued that under state law a charge could be brought under a later repealed statute that governed at the time of the offense. (Resp. Ex. 01, V 2 R 315-322) By order rendered December 30, 1997, the state trial court issued a superseding order, granting the dismissal motion as to count one based on the state's statute of limitations. With respect to counts two and three, however, the state trial court held that the

motion was denied with based on the State's "repealed statute" argument; the motion was deemed abandoned based on the statute of limitations with regard to counts two and three. (Resp. Ex. 01, V 2 R 333-334) Thus, the superseding ruling left intact counts two and three.

Jeopardy does not attach in a criminal case until a defendant is put to trial before the trier of fact, which in a jury trial occurs when a jury is impaneled and sworn and in a non-jury trial when the court formally commences the trial by accepting evidence. Crist v. Bretz, 437 U.S. 28 (1978); see also, Wilson v. State, 693 So. 2d 616 (Fla. 2d DCA 1997). In Stephenson's case, the jury was neither sworn nor had evidence been presented after when the state trial court initially ruled on Stevenson's motion to dismiss on state law grounds. Because jeopardy had not attached when the state trial court ruled on rehearing of the pre-trial dismissal order, the Double Jeopardy clause did not foreclose the state trial court from reconsidering its ruling and denying the dismissal motion with regard to count two on state law grounds. The per curiam affirmance on appeal of the summary denial thus did not result in an unreasonable application of established Supreme Court precedent.

Ground one does not warrant habeas corpus relief.

Stevenson asserts he was denied his rights to due process. In his supporting facts, he contends he was tried a second time for the same crime. To the extent he relied upon the allegations in ground one, as shown above, it is objectively reasonable based on the state record to conclude Stephenson was not placed in jeopardy when he was tried on count two.

Stevenson also contends that his scoresheet called for a recommended sentence of five and one-half years and a permitted sentence of five years. Pointing to his 30-year departure sentence, he contends the reasons for departure were not before his jury.

Asserting he did not admit these reasons, he faults the sentencer for giving him 24 and one-half "more years" than the verdict. (Doc. No. 1 at 6)

Stevenson did not raise at his sentencing a claim that the sentencer invaded the province of the jury by departing on reasons not before the jury nor admitted by him. Nor on direct appeal did Stevenson raise a constitutional claim based upon Apprendi v. New Jersey, 530 U.S. 466 (2000), which was decided prior to the silent affirmance of his convictions and sentences. Because the Apprendi issue was available for appeal, Stevenson was procedurally barred from raising his constitutional claim in a rule 3.850 motion.

The state trial court, in summarily denying his ground held that under Florida's rule 3.720(b), the court should entertain submissions and evidence relevant to sentencing. (Resp. Ex. 015, V 1 R 162) To the extent Stevenson attempts to attack the independent and adequate substantive state law grounds upon which the summary denial rested, the Court lacks subject matter jurisdiction to revisit the state law determinations. Federal courts hold no supervisory authority over state judicial proceedings and can interfere only to correct errors of constitutional dimension. Smith v. Phillips, 455 U.S. 209 (1982). Issues presenting claims that are purely issues of state law are immune from federal habeas review. See Francois v. Wainwright, 741 F.2d 1275, 1281 (11th Cir. 1984). Even when a petition that actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)(quoting Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).  It is well established that federal courts cannot review a state's failure to adhere to its own sentencing procedures. Branan, 861 F.2d at 1508.

Moreover, Stevenson does not show that the state decision was contrary to or an unreasonable application of applicable Supreme Court precedent. In Apprendi, decided June 26, 2000, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id., 530 U.S. at 490. In June 2004, the Supreme Court, in Blakely v. Washington, 542 U.S. 296 (2004), held that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, not the maximum sentence a judge may impose after finding additional facts.

Blakely was not decided after Stevenson's case became final. Under 28 U.S.C. § 2254(d) as amended by the AEDPA, Blakely does not govern Stevenson's case and is not the standard for reviewing the state decision on his ground.

The AEDPA requires a court considering a habeas petition limit its analysis to the law as it was "clearly established" under Supreme Court precedent at the time of the state court decision. See 28 U.S.C. § 2254(d)(1). Clearly established federal law is not the case law of the lower federal courts, including, this Court. See Henderson v. Haley, 353 F.3d 880, 890 (11th Cir. 2003). Instead, in the habeas context, clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. The Supreme Court has not held Blakely to apply retroactively on collateral review, and the non-retroactivity doctrine set forth in Teague v. Lane, 489 U.S. 288 (1989), additionally forecloses any claim of entitlement to retroactive application of Blakely to his final case.  Because neither United States v. Booker nor Blakely are retroactive on collateral attack. See Varela v. United States, 400 F.3d 864, 868

(11th Cir. 2005).

The AEDPA codifies Teague to the extent that Teague requires federal habeas courts to deny relief that is contingent upon a rule of law not clearly established at the time the state conviction such as Stevenson's became final. Stevenson did not assert in his rule 3.850 motion or on collateral appeal that his departure sentence exceeded the statutory maximum penalty. The sentence remained within maximum set by Florida's applicable statute for his first degree felony of engaging a child in sexual activity, and it is objectively reasonable to conclude that the maximum for Apprendi purposes was the statutory maximum. Accordingly, it is objectively reasonable to conclude that the sentencing order did not violate Stevenson's Sixth Amendment right to a jury trial.

Accordingly, the Court orders:

That Stevenson's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Stevenson and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v.

Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 8, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

John Tillman Stevenson